91 F.3d 147
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ibrahim MUSTAFAA, Defendant-Appellant.
 No. 95-3788.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 10, 1996.*
Decided July 12, 1996.
 
 Before POSNER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 The only ground on which Ibrahim Mustafaa challenges his convictions and sentences for mail fraud is that the district court admitted evidence of a prior, similar scheme. Mustafaa and some confederates opened a firm they called Economic Financial Services, Inc., which offered interest-free loans--a deal that seemed too good to be true, and was. Mustafaa asked his customers for a 3% advance fee. Fifty-five paid a total of $177,000, but none received any loan (or a refund). The prosecutor argued that Mustafaa never intended to secure loans for the customers but ran the venture to bilk people out of the advance fees. Mustafaa rejoined that Economic Financial Services, Inc., planned to fund the loans but encountered unexpected problems. The prosecutor replied with evidence that funding was exceedingly implausible, and for good measure adduced testimony (from a co-defendant who had pleaded guilty) that Economic Financial Services grew out of a similar venture that likewise took in advance fees but never disbursed loans. That testimony, if accepted, would tend to show that Mustafaa had the necessary intent to defraud.
 
 
 2
 Mustafaa believes that the testimony is other-crime evidence, precluded by Fed.R.Evid. 404(b). But that rule bars evidence only when used to show propensity. Here, the district judge concluded, the evidence showed Mustafaa's intent, as Rule 404 permits. Appellate review is deferential, see United States v. Beasley, 809 F.2d 1273 (7th Cir.1987), and we do not think that the district court abused its discretion. Indeed, the evidence may not have been about "other" crimes at all--for the jury could conclude that Mustafaa engaged in a single criminal scheme, but changed the corporate name in 1990 when too many of the venture's "clients" had begun to complain. One way or the other, the evidence was admissible, and the judgment is
 
 
 3
 AFFIRMED.
 
 
 
 *
 The court granted the parties' joint motion to waive oral argument